**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRANDON T. BEYERLIN,

          Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

          Defendant-Appellee.

No.   16-35772

D.C. No. 6:15-cv-01434-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted May 18, 2018[**]

Before: GOODWIN, LEAVY and SILVERMAN, Circuit Judges

      Brandon Beyerlin appeals the district court's order affirming the Social

Security Administration's denial of his application for Title II disability benefits.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review the district court's

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

order de novo and the agency's decision for substantial evidence and legal error. *Molina v. Astrue*, 674 F.3d 1104, 1110-11 (9th Cir. 2012). We reverse and remand.

Beyerlin does not challenge the finding that he made inconsistent statements about whether the pain medication made him drowsy. Thus, he waived the argument. *Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1226 n.7 (9th Cir. 2009). This finding, which is supported by the record, provides substantial evidence to support the adverse credibility finding. *Molina*, 674 F.3d at 1112 (inconsistent statements may support adverse credibility findings). Any errors in the remaining adverse credibility findings are harmless. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008).

The ALJ erred by adopting an incomplete record review opinion of Dr. Berner and rejecting the treating opinions of Dr. Emond that Beyerlin would need to lie down or to rest periodically during the work day to relieve pain and would miss more than two days a month due to his impairments. An ALJ may reject treating opinions that are inconsistent with treatment notes or are "brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). However, contrary to the ALJ's findings, Dr. Emond's 2013 opinions were consistent with her contemporaneous treatment notes

2

and were supported by objective clinical evidence, imaging and the consistent opinions of the treating surgical and pain specialists, Dr. Kitchel, Dr. Moore, and Dr. Angeles. The record does not support the ALJ's finding that Dr. Emond's opinions were inconsistent with the notes that Beyerlin had a normal gait during some of the examinations. None of the treating doctors opined that Beyerlin was not in pain or did not have physical limitations on occasions in which they noted a normal gait. In fact, Dr. Kitchel noted a normal gait when he and the other treating specialists unanimously agreed that Beyerlin's lower back pain was caused by stenosis, that alternative treatments had failed, and that surgery was necessary to treat the pain.

Nor does Dr. Berner's record review opinion provide substantial evidence to support the ALJ's residual functional capacity assessment. Dr. Berner did not consider the last year of medical treatment, including Dr. Emond's 2013 opinion and other medical evidence that Beyerlin's condition had deteriorated. *Hill v. Astrue*, 698 F.3d 1153, 1160-61 (9th Cir. 2012)( holding that a non-treating, non-examining medical consultant's opinion that failed to consider a more recent, severe panic attack that was inconsistent with the consultant's opinion could not provide substantial evidence to support the ALJ's decision).

The residual functional capacity assessment is incomplete and not supported by the record in light of the improper rejection of Dr. Emond's opinions. *Taylor v. Comm'r , Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011). Nor was the error harmless. The vocational expert testified that an individual who had either limitation noted by Dr. Emond could not perform the relevant unskilled sedentary work at step five of the sequential evaluation.

We decline to credit Dr. Emond's opinion as true and remand for benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (the record must be "fully developed" to remand for benefits).

**REVERSED AND REMANDED.**